## Smith Atwell v. Billigen Home Improvements, Inc.

*John J. Ross,* for plaintiff.
*Dennis DiMartini,* for defendant.

KUNSELMAN, *J.,* July 12, 1984 — Defendant's preliminary objections in the nature of a motion to strike because of lack of conformity to law and in the nature of a motion raising the defense of plaintiff's lack of capacity to sue raise the question of plaintiff's failure to register under the Fictitious Names Act. Suit was instituted before District Justice Lakas by "Smith Atwell, Atwell & Son", against defendant to recover the balance due on electrical work. Defendant appealed the judgment of the district justice and plaintiff's complaint was filed, captioned "Smith Atwell, II" v. defendant. The complaint describes plaintiff as an individual.

The preliminary objections aver that plaintiff filed the action under the fictitious name of Atwell & Son and that plaintiff failed to register prior to the institution of suit. Plaintiff's answer to the preliminary objections merely states that defendant's allegations are not proper grounds for preliminary objections and that plaintiff is not filing a claim as a fictitious person. This answer is not adequate to raise a factual issue. Therefore, the averment in the preliminary objection must be taken as admitted. We think that the name Atwell & Son implies that plaintiff was conducting a business with his son as a co-owner.

In this connection, the Fictitious Names Act (54 Pa.C.S. §303(b)(1)) requires that, with several exceptions not here applicable, "any entity which either alone or in combination with any other entity conducts any business in this Commonwealth under or through any fictitious name shall register the fictitious name under this chapter . . .". "Entity" includes any individual. (Section 302). "Fictitious Name" is defined as "any assumed or fictitious name, style or designation other than the proper name of the entity using such name. The term includes the name of any association, general partnership, business trust, syndicate, joint advertureship or similar combination or group of persons." (Section 302).

We conclude that the definitions contained in the Fictitious Names Act were intended to resolve the uncertainty created by the failure to define a fictitious name in the prior act (54 P.S. 28.1 et seq.). Examples of the uncertainty are contained in Bower v. Marcelli, 3 D.&C. 3d 787 (1975) and Michener v. Wagner & Son, 11 D.&C. 2d 444 (1957). In Bower, the court held that "Bower's Home Improvements" was not a fictitious name within the meaning of the act. In Michener, the court held that "Anton Wagner & Son" was a fictitious name within the meaning of the act.

We think it is clear under the new act that "Atwell & Son" is a fictitious name unless that name is a "proper name". "Proper" is defined in Webster's Seventh New Collegiate Dictionary as "belonging to one: own"; "referring to one individual only". Therefore, Atwell & Son is not a proper name.

It remains to be determined whether or not plaintiff's failure to register under the Fictitious Names Act can be raised by preliminary objection. As hereinabove mentioned, defendant raised a ques-

tion of lack of capacity to sue. Section 331(a) provides that "no entity which has failed to register a fictitious name as required by this chapter shall be permitted to maintain any action in any tribunal of this Commonwealth until such entity shall have complied with the provisions of this chapter." Thus, it is clear that, when registration has not occurred, an impediment exists. Such impediment is properly raised by preliminary objection. See Michener v. Wagner & Son, supra, and Goodrich Amram 2d, §1017 (b):14.

Under the language of section 331(a) hereinabove quoted, the action should not be dismissed until after plaintiff has been given the opportunity to comply with the act. An appropriate order will be entered.

### ORDER

And now, this July 12, 1984, defendant's preliminary objections to plaintiff's complaint are sustained. Leave is granted to plaintiff to file an amended complaint alleging compliance with the Fictitious Names Act within 60 days of the date of this order. Upon failure to file such amended complaint, the complaint is to be dismissed. All proceedings are stayed meanwhile.